NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES LEON THOMAS,<br><br>    Petitioner,<br><br> vs.<br><br>WARDEN SISTO,<br><br>    Respondent. | No. C 07-3159 JF (PR)<br><br>ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS; DENYING PETITIONER'S MOTION TO STAY WITHOUT PREJUDICE<br><br>(Docket Nos 4, 7) |

Petitioner, a state prisoner proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, a motion to say the petition, and a motion to proceed in forma pauperis. The Court will GRANT petitioner's motion to proceed in forma pauperis. The Court will deny Petitioner's motion to stay the instant petition (docket no. 4) without prejudice in order for Petitioner to address the factors set forth below in Rhines v. Webber, 544 U.S. 269 (2005).

**DISCUSSION**

Petitioner moves this Court to stay the petition and hold his petition in abeyance while he exhausts additional claims in state court. District courts have the authority to issue stays and AEDPA does not deprive them of that authority.

Order Granting Motion to Proceed in Forma Pauperis; Denying Petitioner's Motion to Stay Without Prejudice
P:\pro-se\sj.jf\hc.07\Thomas159denstay     1

Rhines v. Webber, 544 U.S. at 277-78. The district court's discretion to stay a mixed petition is circumscribed by AEDPA's stated purposes of reducing delay in the execution of criminal sentences and encouraging petitioners to seek relief in the state courts before filing their claims in federal court. Id. Because the use of a stay and abeyance procedure has the potential to undermine these dual purposes of AEDPA, its use is only appropriate where the district court has first determined that there was good cause for the petitioner's failure to exhaust the claims in state court and that the claims are potentially meritorious. Id. Moreover, where granting a stay, the district court must effectuate the timeliness concerns in AEDPA by placing "reasonable limits on a petitioner's trip to state court and back." Id. at 278. Prisoners who may run the risk of having the federal statute of limitations expire while they are exhausting their state remedies may avoid this predicament "by filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005) (citing Rhines, 544 U.S. at 277-78).

Accordingly, a stay is allowed only under these conditions: (1) petitioner must show good cause for his failure to exhaust the claims prior to filing the federal case; (2) the unexhausted claims must not be "plainly meritless"; and (3) petitioner must not have engaged in "abusive litigation tactics or intentional delay." Rhines, 544 U.S. at 277-78. The Court concludes that Petitioner has not satisfied these conditions. The Court cannot grant the stay unless Petitioner shows good cause for his failure to exhaust all of his claims before filing a federal petition and demonstrates that his unexhausted claims have merit.

In Rhines, the Supreme Court did not define good cause, so the Court is unable to offer guidance to Petitioner as to what he must show to establish good cause. He may wish to simply explain why he did not present the new claims to the state courts before filing his federal petition. As to the Rhines requirement that the unexhausted issues not be "plainly meritless," Petitioner should note that federal habeas relief is available only for violations of the federal Constitution, of federal law, or of treaties. 28 U.S.C.

1 § 2254(a). In other words, a writ of habeas corpus is available under § 2254(a) "only on the basis of some transgression of federal law binding on the state courts." <u>Middleton v. Cupp</u>, 768 F.2d 1083, 1085 (9th Cir. 1985).

Petitioner's motion to stay the petition (docket no. 4) is DENIED without prejudice to Petitioner's filing a renewed motion to stay the instant petition with the appropriate showings as set forth above in <u>Rhines</u>, <u>supra</u>, **within thirty (30) days** of the date this order is filed. Petitioner shall explain in his renewed motion to stay which claims in the instant petition have been exhausted and identify the additional claims he intends to exhaust in state court.

## CONCLUSION

1. Petitioner's motion to proceed in forma pauperis (docket no. 7) is GRANTED.

2. Petitioner's motion to stay the petition (docket no. 4) is DENIED without prejudice. Petitioner may file a renewed motion to stay the petition with the Court addressing the issues set forth above, or notify the Court that he does not wish to pursue the motion to stay, within **thirty days** of the date this order is filed. In his motion, Petitioner shall explain which claims have been exhausted and identify the additional claims he intends to exhaust in state court. **This action will not be stayed and Petitioner may be precluded from later bringing his unexhausted claims if he does not request a stay.** Failure to file a motion to stay or notify the Court within the Court's deadline will result in the Court proceeding with the claims set forth in the instant petition.

3. It is Petitioner's responsibility to prosecute this case. Petitioner must keep the court informed of any change of address by filing a separate paper captioned "Notice of Change of Address."

\\\
\\\
\\\

1  Petitioner must comply with the Court's orders in a timely fashion. Failure to do so may
2  result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of
3  Civil Procedure 41(b).
4       IT IS SO ORDERED.
5  DATED: 12/4/07

   _____
6  JEREMY FOGEL
   United States District Judge

1  A copy of this ruling was mailed to the following:

2

   Charles Leon Thomas
3  J-42134
   CSP - Solano
4  P.O. Box 4000
   2100 Peabody Rd.
5  Vacaville, CA  95696-4000

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order Granting Motion to Proceed in Forma Pauperis; Denying Petitioner's Motion to Stay Without Prejudice
P:\pro-se\sj.jf\hc.07\Thomas159denstay           5