1  CHARLES L. THOMAS J42134

2  C.S.P. SOLANO P.O.BOX 4000

3  VACAVILLE, CA. 95696-4000





4

5      IN THE UNITED STATES DISTRICT COURT FOR THE

6      NORTHERN DISTRICT OF CALIFORNIA

7

8  CHARLES LEON THOMAS)                    No.C07-359JF(PR)
                      )
9         Petitioner)                      NOTICE OF MOTION
                      )
10 V.                  )                    AND MOTION TO AD-
                      )
11 D.K.SISTO, WARDEN  )                    MEND FEDERAL PET-
                      )
12 _____RESPONDENT)                      ITION

13

14

15

16     Petitioner proceeding pro se is a California State prisoner

17 serving a determinate sentence of 111 years to life.  On or about

18 June 12,2007, Petitioner filed a petition for Writ Of Habeas

19 Corpus in this court raising several claims for relief.  Petit-

20 ioner mistakenly submitted to this court an incomplete draft of

21 his intended petition. With the court's permission petitioner re-

22 spectfully ask this court's permission to admend his Federal

23 Petition for relief.

24

25

26

27                         (1)

28

1    1.    THE TRIAL COURT ERRED PREJUDICALLY IN ITS

2         RULINGS ON THE ADMISIBILITY OF DNA EVIDENCE.

3

4    A.    Appellant's trial counsel filed a motion to exclude DNA evid-

5    ence and expert testimony on the grounds that(1) The DNA testing

6    procedure was not generally accepted in the scientific community

7    for testing mixed DNA samples, (2) The laboratory that conducted

8    the testing did not follow generally accepted procedures; (3) The

9    statistical techniques applied to the match between the perpetra-

10   tors genetic profile and appellant's  DNA failed to follow genera

11   lly accepted scientific procedures; and (4) The mathemathical for

12   mula used to evaluate the evidence was not generally accepted in

13   the scientific community.

14

15        2.    THE TRIAL COURT"S RULINGS ON THE ADMISSIBILITY

16             OF EVIDENCE VIOLATED APPELLANTS FEDERAL CONSTIT-

17             UTIONAL RIGHT TO DUE PROCESS;   IN THE ALTERNATIVE

18             THE ERRORS RESULTED IN A MISCARRIAGE OF JUSTICE

19             UNDER STATE LAW REQUIRING REVERSAL.

20

21   2.a.   Evidence of appellant's prior rape was inadmissible char-

22   acter evidence under Evidence Code §1101, In the alternative

23   the evidence should have been excluded persuant to Evidence Code

24   § 352.

25        1.    The uncharged crime was remote.

26        2.    The uncharged crime was not sufficiently similar to the

27   charged crime to support an inference of identity.

28        3.    The evidence was unduly prejudicial in light of the age

     and trama of the prior rape victim.

                              (2)

2.B.   The trial court abused it's discretion by allowing the use of appellant's juvenile adjudication for impeachment.

C.   Evidence that the victim of the prior rape suffered post traumatic stress was inadmissible.

D.   Appellant's statements to a juvenile probation officer after admitting the 1987 rape were inadmissible.

E.   Evidence that a semen sample was taken from the victim of the prior rape was inadmissible in the absence of any evidence that appellant had knowledge of the sample.

F.   Evidence of appellant's later possession of a toy gun that was not identified as the weapon used in the charged crime, and false hair that was not connected with the charged crime, was inadmissible.

G.   The trial court erred by refusing to limit evidence of appellant's parole status.

H.   The trial court erred by excluding evidence of an expunged felony conviction for a crime of moral turpitude to impeach the complaining witness in the charged crimes.

I.   The combined effect of the trial courts' rulings on the admissibility of evidence violated appellant's Federal Constitutional right to Due Process;  In the alternative, the error resulted in a miscarriage of justice under state law, requiring reversal.

(3)

3.  THE ADMISSION OF EVIDENCE OF APPELLANT"S PRIOR

JUVENILE RAPE PURSUANT TO EVIDENCE CODE SEC,1108

VIOLATED HIS FEDERAL CONSTITUTIONAL RIGHT'S TO

DUE PROCESS AND EQUAL PROTECTION.


A.  Trial counsel's failure to object to the admission of eviden-
ce pursuant to Evidence Code 1108 does not operate to waive the
issue on appeal, where any objection would have been futile in
view of prevailing state law.

B.  Evidence Code 1108 violated due process.

C.  Evidence Code 1108 violates equal protection.

D.  Prejudice.


4.APPELLATE COUNSEL"S PERFORMANCE FELL OUTSIDE THE RANGE

OF REASONABLE PROFESSIONAL ASSISTANCE AND AS SUCH APP-

ELLANT WAS DENIED HIS 6th ADMENDMENT RIGHT TO EFFECT-

IVE ASSISTANCE OF COUNSEL.


A.  Appellate counsel errored in his reading of the trial record
and mis-represented the facts to the court.  As a result appell-
ant was denied effective assistance of counsel.

SUPPORTING FACTS.


Appellate counsel formulated a lengthy argument in his open-
ing brief to the court based in part on his erroneous reading of
the trial record.  Counsel's argument was that the record showed
no use of the AB1-310 Genetic Analyzer and as such Smith.People-
v. Smith Supra 107 Cal.App. 4th should not serve as precedent,

(4)

As there was a material scientifec distintion between app-
ellant's case and Smith.  The trial record clearly demonstrated
use of the AB1-310 test as evident by testimony of both the pro-
secutions and defense witnesses.  R.T.31, R.T.314-318, R.T.351.
Counsel's challenge to the admissibility of DNA evidence was
based on a faulty premise and as such the argument had no merr-
itt.  It's reasonably probable that a result more favorable to
appellant would have been reached had appellate counsel's per-
formance not been dificient.

B.  Appellate counsel's decision to not exaust in the state
court the issue of reliability and admissibility of DNA evidence
violated appellant's Federal Constitutional right to Due Process
and Effective Assistance of Counsel.  DNA evidence was the only
thing  tying appellant to this crime. It Continues to be the app-
ellant's posission that the DNA evidence is unreliable, in part
because 7 of the 13 loci in the evidence sample had fewer than
four alleses observed. By not exausting this issue in the state
court appellant is barred from raising it in the Federal Court.

C.  There were repeated and deliberate instances of groce
misconduct on the behalf 0f the prosecutor that tilted the scale
in an extreamly close case in which the verdict could have went
ither way.  Appellant counsels failure to raise the issue of
prosecutor misconduct violated appellant's right to Due Process
and effective assistance of counsel.

Respectfully Submitted this 12th

day of May 2008.

*Charles L. Thomas*

CHARLES L. THOMAS
Petitioner

(5)

C.C.P. §§446; 2015.5;
28 U.S.C. §1746)

I, Charles Leon Thomas _____, declare under the penalty of perjury that:

I am the Petitioner _____ in the attached matter; I have read the foregoing document(s) and know the contents thereof; and the same is true of my own personal knowledge, or upon information and belief therein that they are true; that if called to testify as to the contents hereof I could do so competently as a sworn witness.

Executed this 14th day of May _____, 2008 ___, at California State Prison / Solano, Vacaville, California.

(Signature) _Charles Thomas_____

Declarant

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## DECLARATION OF SERVICE BY MAIL

(C.C.P. §§1013(a); 2015.5; 28 U.S.C. §1746)

I, Charles Leon Thomas _____, declare:   That I am a resident of California State Prison / Solano   State of California; I am over the age of 18 years; I am/am not a party to the above entitled action; My address is P.O. Box 4000 _____, Vacaville, CA 95696.   I served the attached document(s) entitled:

NOTICE OF MOTION AND MOTION TO ADMEND FEDERAL PETITION

on the persons/parties specified below by placing a true and duplicated copy of said documents into a sealed envelope with appropriate First Class Postage affixed thereto and prepaid, and placing said envelope(s) into the United States Mail in a deposit box provided at the California State Prison / Solano, in Vacaville, California, addressed as follows:

OFFICE OF THE CLERK, U.S. DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

450 GOLDEN GATE AVENUE

SAN FRANCISCO, CALIFORNIA 94102

There is First Class mail delivery service by United States Mail at the places so addressed and/or regular communication by mail between the place of mailing and the addresses above. I declare under the penalty of perjury that the foregoing is true and correct and that I executed this service on this 14th day of May _____, 2008 ___ at California State Prison / Solano, in Vacaville, California.

(Signature) _Charles Thomas_____

Declarant



UNITED STATES POSTAGE

PITNEY BOWES

$ 01.34°
MAY 15 2008

02 1A
0004632981
MAILED FROM ZIP CODE 95687

CSP SOLANO
STATE PRISON

CHARLES LEON THOMAS J-42124

C.S.P. SOLANO

P.O. BOX 4000

VACAVILLE, CA 95696-4000

OFFICE OF THE CLERK, U.S. DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

450 GOLDEN GATE AVENUE

SAN FRANCISCO, CALIFORNIA 94104

LEGAL MAIL